UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IWAN SIMONIS, INC., | ) | CASE NO. |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| CHAMPIONSHIP, LLC, | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | JURY TRIAL DEMANDED |

## Complaint

For its complaint against defendant Championship, LLC, plaintiff Iwan Simonis, Inc. states:

## Summary Of Case

1. Simonis billiard cloth is the best money can buy. The oldest company in the billiard industry, Simonis has made its superior billiard cloths since 1680 using its own textile mills. Since then, Simonis cloth has gained a reputation throughout the world as the gold-standard in terms of performance, accuracy, reliability, durability, and value. Simonis cloth is the chosen cloth at pool tournaments and for professional and amateur pool players, alike.

2. Championship makes inferior competing billiard cloths. Unable to match Simonis cloth, Championship has resorted to simply telling the public its cloths are better than Simonis cloth through false, misleading, and unsubstantiated comparison advertisements.

3. This marks at least the second time that Championship has used this unlawful and unfair marketing scheme.

4. The first time, Simonis had to sue to stop the false ads and to obtain a retraction. To settle that case and to avoid future litigation, Championship agreed not to run anymore comparison ads unless the ads identified, among other things, the "testing methodology or standard used" in the comparison.

5. Barely a year has passed and Championship has returned to its old ways by again issuing ads with misleading comparisons to Simonis cloth. Amazingly, in addition to being misleading and false, the ads do not identify the test or standard used in the comparison, despite the settlement agreement's clear mandate that it do so.

6. Championship's hubris requires Simonis to once again ask this Court to intervene.

## The Parties

7. Iwan Simonis, Inc. is an Illinois corporation, with a principal place of business at 1514 St. Paul Avenue, Gurnee, Illinois 60031, that regularly conducts business in this judicial district.

8. Championship, LLC is an Illinois corporation, with a principal place of business at 7111 N. Capitol Drive, Lincolnwood, Illinois 60712, that regularly conducts business in this judicial district.

9. Simonis and Championship are direct competitors in the billiard cloth business.

## Jurisdiction and Venue

10. This Court has subject matter jurisdiction over Simonis' Lanham Act claim under 15 U.S.C. § 1121 and under 28 U.S.C. § 1331 because it arises under federal law.

11. This Court has supplemental subject matter jurisdiction over Simonis' state law claims under 28 U.S.C. § 1367 because those claims are so related to the Lanham Act claim that together the claims are part of the same case or controversy under Article III.

12. This Court has personal jurisdiction over Championship because, among other things, it is an Illinois corporation, it does business in Illinois, and it caused harm to Simonis here in Illinois.

13. Venue is proper under 28 U.S.C. § 1391 because Championship is subject to personal jurisdiction in this district under Illinois law and, therefore, "resides" in the Eastern District of Illinois according to federal law.

## Relevant Facts

### I. Billiard Cloth

14. Simonis offers a variety of billiard cloth, based on different customer applications.

15. SIMONIS 860™, for example, is intended for pool tables in billiard tournaments, not high traffic pool halls. SIMONIS 860 is 90% wool and 10% nylon.

16. Whereas, SIMONIS 760™, which is 70% wool and 30% nylon, is designed for the wear-and-tear of high traffic pool halls.

17. Both SIMONIS 760 and SIMONIS 860 are made from worsted cloth, which means the cloth is woven in a way that prevents the cloth from shedding or forming "pills" or fuzz-balls that can interfere with play.

18. Championship advertises that its "Brunswick Centennial," "Tour Edition 3030," and "Pro-Am 3020" cloths are each 70% wool and 30% nylon, which is the same composition as SIMONIS 760.

## II. Championship's First Set Of Unlawful Ads

19. Around 2008, Championship published ads that deceptively compared its "Tour Edition" billiard cloths to SIMONIS 860 cloth.

20. Among other things, those ads deceptively stated that "Lab results confirm that Championship's Tour Edition outlasts Simonis 860 by over 50%."

21. Simonis sued Championship over the ads in the case entitled *Iwan Simonis, Inc., et al. v. Championship, LLC, et al.*, N.D. Ill., Case No. 1:08-cv-05148. A true copy of the complaint filed in that action is attached as **Exhibit A**.

22. Simonis and Championship settled that case by executing a binding and enforceable written settlement agreement on September 27, 2010 (the "Settlement"), signed by Championship and Simonis. Due to a confidentiality term of the settlement, Simonis has not attached a copy of the Settlement to this complaint and is only disclosing its contents to the extent required to enforce it.

23. The Settlement prohibits Championship from publishing future ads comparing Simonis cloth to Championship cloth unless the ad discloses the "weight

of the cloths being compared" and "the testing methodology or standard used" in the comparison. Specifically, the Settlement states:

> 2. **Future Comparison Advertising.**
>
> If CHAMPIONSHIP desires to run "tests proves" advertisements comparing cloth made and/or distributed by SIMONIS . . . with cloth made and/or distributed by CHAMPIONSHIP, CHAMPIONSHIP shall disclose in the advertisement, using a font similar to the other type used in the advertisement, (a) the composition of the cloths being compared (e.g., that the SIMONIS 860 cloth is 90% wool and 10% synthetic, while the CHAMPIONSHIP Tour Edition Cloth is 70% wool and 30% synthetic), (b) the weight of the cloths being compared, and (c) the testing methodology or standard used (e.g., D 3884 Standard Test for Abrasion Resistance of Textile Fabrics developed by the American Society for Testing Materials).

24. The Settlement also contains a "prevailing party" clause that requires the non-prevailing party to pay the attorneys' fees of the prevailing party in an action for breach of the Settlement. It provides:

> 15. **Enforcement of Agreement.**
>
> Should any Party institute any action or proceeding to enforce, to interpret, or for breach of or default under the terms of this Settlement Agreement, each non-prevailing Party agrees to pay to the prevailing Party's or Parties' costs, expenses, and fees (including reasonable attorneys' fees) incurred in such action or proceeding.

### III. Championship's Second Set Of Unlawful Ads

25. Simonis recently discovered that Championship is again publishing ads with deceptive comparisons between three Championship cloths and two Simonis cloths. A true copy of one of the ads authored and published by Championship (the "Ad") is attached as **Exhibit B**.

26. Championship has published the Ad, at least, in the November and December, 2011, issues of *Pool & Billiard Magazine* and the December 2011 issue of *Billiard Retailer*. Both magazines have a large, national circulation.

27. The Ad's headline reads: "YOU be the judge."

28. The Ad states that "Championship® offers you 3 cloth brands that will outlast Simonis® or *your money back!*"

29. The Ad declares that all three Championship cloths outperform SIMONIS 860 and SIMONIS 760 by stating (a) Championship's "Brunswick Centennial[ is t]he Longest Lasting most Durable Worsted Cloth in the Industry . . . [and] will outlast the competition by 50%," (b) its "Tour Edition[ is p]roven to be the Most Durable Worsted Cloth on the market at 24 oz. will outlast the competition by 65%," and (c) its "Pro-Am . . . will outlast the competition by 30%." The "competition" referred to in each statement is Simonis cloths.

30. The Ad also touts that Championship "beat them both!," referring to the two Simonis cloths.

31. The statements identified in paragraphs 28-30 are misleading, deceptive, and, upon information and belief, literally false at least because no Championship cloth can "outlast" a comparable Simoni cloth (to the extent one exists) at the percentages alleged by Championship or otherwise.

32. Also, by affixing the "®" symbol to the phrases "Tour Edition 3030" and "Pro-Am 3020," the Ad falsely designates those phrases as federally registered trademarks when, in fact, neither phrase is so registered.

33. Upon information and belief, Championship published the Ad with the specific intent to divert potential customers from Simonis to Championship.

34. Upon information and belief, the Ad has and will actually divert potential customers from Simonis to Championship.

35. Upon information and belief, the false and misleading Ad has deceived actual and potential customers, has caused actual consumer confusion, has diminished Simonis' sales, has falsely and unfairly inflated the reputation and goodwill of Championship, has diminished the value of Simonis' goodwill, and will continue to do all of those things.

## Count One
*Breach of Contract*

36. Simonis incorporates by reference all allegations in all preceding paragraphs of this complaint as if fully rewritten herein.

37. The Settlement is a binding and enforceable contract.

38. Simonis performed all of its obligation under the Settlement.

39. Championship materially breached the Settlement at least because it published ads comparing its cloth to Simonis cloths without disclosing the weight of the "Pro-Am 3020," SIMONIS 860, or SIMONIS 760 cloths, and without disclosing the "testing methodology or standard" it used to determine that its cloths will "outlast" Simonis cloths by 50%, 65%, and 30%.

40. As a direct and proximate result of Championship's material contract breaches, Simonis has been damaged in an amount to be determined at trial.

## Count Two
*False Advertising under the Lanham Act*
*15 U.S.C. § 1125*

41. Simonis incorporates by reference all allegations in all preceding paragraphs of this complaint as if fully rewritten herein.

42. The Ad contains words and symbols that misrepresent the nature, characteristics, and qualities of Championship's and Simonis' billiard cloth products, their services, and their commercial activities.

43. The false statements and designations in the Ad actually deceived or have a tendency to deceive a substantial segment of billiard cloth consumers.

44. The deception in the Ad is material in that it is likely to influence purchasing decisions of billiard cloth consumers desiring a long lasting, valuable billiard cloth.

45. Championship caused the Ad to enter interstate commerce by publishing it in at least two nationally-circulated magazines.

46. Championship's false advertising has damaged Simonis and is likely to continue damaging Simonis in an amount to be determined at trial.

47. As a direct and proximate result of Championship's false advertising, Simonis has suffered, and will continue to suffer, irreparable harm. Such harm will continue unless enjoined by the Court.

## Count Three
*Violations of the Illinois Deceptive Trade Practices Act*
*815 ILCS 510/1 - 510/7*

48. Simonis incorporates by reference all allegations in all preceding paragraphs of this complaint as if fully rewritten herein.

49. By authoring and publishing the Ad, Championship willfully engaged in a deceptive trade practice under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1-510/7.

50. As a direct and proximate result of Championship's' deception, Simonis has suffered, and will continue to suffer, damages in an amount to be determined at trial.

51. As a direct and proximate result of Championship's deception, Simonis has suffered, and will continue to suffer, irreparable harm. Such harm will continue unless enjoined by the Court.

## Count Four
*Violations of the Illinois Consumer Fraud*
*and Deceptive Business Practices Act*
*815 ILCS 505/1 - 505/12*

52. Simonis incorporates by reference all allegations in all preceding paragraphs of this complaint as if fully rewritten herein.

53. By authoring and publishing the Ad, Championship willfully engaged in conduct prohibited by the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 - 505/12.

54. Although not a consumer of Championship, Simonis has standing to bring this claim because it implicates general consumer protection concerns. That

is because Championship's deceptive Ad misleads customers into thinking that they can obtain cloth from Championship that has the same quality and performance as Simonis cloth, but with demonstrably better durability and longevity. Because that is untrue, consumers of billiard cloth have a general concern and interest that these deceptive ads stop.

55. As a direct and proximate result of Championship's' deception, Simonis has suffered, and will continue to suffer, damages in an amount to be determined at trial.

56. As a direct and proximate result of Championship's deception, Simonis has suffered, and will continue to suffer, irreparable harm. Such harm will continue unless enjoined by the Court.

## **Prayer for Relief**

**WHEREFORE**, Simonis prays for judgment against Championship as follows:

(A) Compensatory damages in an amount to be determined at trial.

(B) An accounting and disgorgement of Championship's ill-gotten profits.

(C) Treble and punitive damages.

(D) Attorneys' fees.

(E) Pre-judgment and post-judgment interest.

(F) Costs and expenses of the action.

(G) Preliminary and permanent injunctive relief, barring Championship from committing any of the wrongful acts cited in this complaint, including an order barring it from:

(i) Making any comparative advertisements involving any Simoni product without the prior written authorization of Simonis; and

(ii) Making any other false, misleading, deceptive, or unsubstantiated statements about Simonis, Championship, or their products.

(H) An order that Championship:

(i) Retract the Ad from any magazine, printed publication, website, or other media over which Championship has control in the same manner that it issued the Ad;

(ii) Provide written notice to each person to whom Championship provided the Ad, instructing the person to retract and destroy the Ad; and

(iii) Issue a new advertisement expressly retracting the Ad in accordance with Simonis' approval, and providing the advertisement to each of the persons to whom Championship provided the Ad, with instructions that they publish and disseminate the new advertisement in the exact same manner and to the same recipients as the Ad.

<u>Dated</u>:   December 19, 2011

   s/ David B. Cupar
Peter T. Berk (6242515)
David B. Cupar (OH 0071622)
Matthew J. Cavanagh (OH 0079522)
McDonald Hopkins LLC
300 N. LaSalle Street, Suite 2100
Chicago, Illinois 60654
t 312.280.0111
f 312.280.8232
pberk@mcdonaldhopkins.com
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

*Counsel for*
*Iwan Simoni, Inc.*

**<u>Jury Demand</u>**

Iwan Simoni, Inc. hereby demands a jury trial for all issues so triable.

 s/ David B. Cupar  
*Counsel for*  
*Iwan Simoni, Inc.*
